Affirmed and Opinion filed October 3, 2002









Affirmed
and Opinion filed October 3, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-00-01423-CR

____________

 

STEPHEN GREGORY BARBERNELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal Court at
Law No. 12

Harris County, Texas

Trial Court Cause No. 0988772

 



 

O P I N I O N

Appellant, Stephen Gregory Barbernell, was convicted by a
jury of the offense of driving while intoxicated and sentenced by the court to
180 days’ incarceration and a fine of $800. 
The imposition of sentence as to the term of confinement was suspended
for a period of one year.  In one point
of error, appellant contends the trial court erred in admitting testimony from
a witness that was more prejudicial than probative.  We affirm.








While driving his automobile in the early morning hours of
March 3, 2000, appellant collided with a flashing sign that indicated a need to
merge lanes.  Thereafter, appellant
stepped from behind the wheel in a seemingly disordered state, looked around,
reentered his truck, pulled into a nearby parking lot, and began using his
cellular telephone.  In due course, a
worker who had heard the collision, Martin Valis, approached appellant’s
vehicle.  Mr. Valis later testified that
he heard appellant question the person with whom he was conversing as to what
he “was supposed to say,” and what he “should . . . tell them.”  Appellant=s objection to the admission of this
testimony (on the basis that its prejudicial effect outweighed any probative
value) was overruled.

Texas Rule of Evidence 403 provides that relevant evidence “may
be excluded if its probative value is substantially outweighed by the danger of
unfair prejudice.”  Tex. R. Evid. 403.  Questions of admissibility of evidence under
Rule 403 are assigned to the trial court and are reviewable only for abuse of
discretion.  See Brimage v. State,
918 S.W.2d 466, 506 (Tex. Crim. App. 1994). 
The trial court does not abuse its discretion if its decision falls
within the zone of reasonable disagreement and is reasonable in view of all
relevant facts.  See Santellan v.
State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997); Rachal v. State,
917 S.W.2d 799, 808 (Tex. Crim. App. 1996).








We need not decide whether Valis’s testimony concerning
appellant’s post-accident phone call was unfairly prejudicial because, even if
it was, “we should not reverse a conviction for the erroneous admission of
evidence ‘if the appellate court, after examining the record as a whole, has
fair assurance that the error did not influence the jury, or had but a slight
effect.’”  Cobb v. State, ___ S.W.3d
___, 2002 WL 1059741, *8 (Tex. Crim. App. 2002) (quoting Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998)). 
In this case, we are confident that the admission of this evidence did
not influence the jury.  Here, as
appellant acknowledges, there was sufficient circumstantial evidence to
establish he was intoxicated when he collided with the flashing sign: three
witnesses, including a police officer, smelled alcohol on appellant=s breath; one witness said appellant’s
eyes were bloodshot and he was swaying on his feet; and, appellant refused to
consent to either field sobriety or Intoxilyzer tests.  Moreover, the disputed phrases did not raise
the issue of appellant’s sobriety, were consistent with common post-accident
inquiries, and were mentioned only briefly. 
Accordingly, we are unable to discern any harm under Texas Rule of
Appellate Procedure 44.2.  Appellant’s
point of error is overruled.




The judgment of the trial court is affirmed.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed October 3, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).